THE STATE OF NEW JERSEY, DEFENDANT IN ERROR v. ANTHONY ROSE, PLAINTIFF IN ERROR.

Submitted May 15, 1925—Decided October 6, 1925.

Crimes—Perjury—On a Trial of Defendant For Robbery, State Relied Upon Sworn Confession Which Defendant Went on Stand and Denied—Thirteen Assignments and Specifications Here Considered, and Judgment Affirmed.

On error to the Mercer Quarter Sessions.

Before Justices PARKER, MINTURN and BLACK.

For the defendant in error, *William H. Geraghty,* prosecutor of the pleas.

For the plaintiff in error, *J. Irving Davidson* and *William S. Reich.*

PER CURIAM.

The defendant was convicted of perjury, and brings this writ of error both on strict bill of exceptions and also relying on section 136 of the Criminal Procedure act. It is not claimed, however, that the verdict was against the weight of evidence; so we have not considered that matter.

The general facts, as they came out of the trial, were substantially as follows: The defendant was indicted for robbery with three or four others, who were convicted, but he was acquitted. Later, he was indicted for perjury, and tried on that charge. On the robbery trial the state relied on a typed confession signed by him at the end of each page and at the end of the whole statement and sworn to by him. He went on the stand and swore, according to the indictment, that he never made the statements in the confession; that he could not read English; that the statement was not read to him, and that he did not know its contents. There was no doubt about his having signed it, and, as to his testimony on the trial, there were several witnesses to that who did not agree in all respects, but seemed to agree on the general purport of his having denied making the confession.

The assignments and specifications for reversal are identical, and we take them up in the order in which they are stated.

(1) Refusal to direct acquittal when the state first rested; and (3) a similar refusal after reopening and putting in the clerk's record of the trial of what is designated "indictment number 105;" also (2) permitting the state's case to be reopened; and (4) refusing to direct an acquittal on the whole case.

We have some difficulty in making out the precise point urged in the brief, but, as we understand this point, it is that the state had not proved that the defendant had made statements under oath in a judicial proceeding, to wit, the indictment for robbery. The indictment itself does not appear to have been offered, nor the formal record of the conviction. But one of the witnesses for the state was allowed without objection to testify that the defendant was tried on an indictment

for robbery. This appears in half a dozen places in the printed testimonw. While it would, no doubt, have been better to have proved the indictment, we do not think, in view of the apparently conceded fact, that this judgment should be reversed, because the indictment itself, or the formal record of the case, was not introduced in evidence.

Assignment and specification number five challenge the admission of the alleged written confession, because there was no proof of its relevancy to a trial of the indictment.

Number six attacks the court's action in allowing it to be read to the jury.

Number seven undertakes to impeach it, because it appears that the statement was revised and edited before the defendant signed it.

Number eighth attacks its admission, because the defendant had denied that he knew what an affidavit was.

Numbers five and six are answered by what has already been said.

As to number seven, the evidence shows that the paper was read to him and that he compared it before signing.

As to number eight, it is quite immaterial whether he swore to it or not. The perjury charge was not in swearing to a false confession, but in testifying on the trial that he had never signed it or made that statement. In any event, there was sufficient evidence that he did swear to it after the nature of an oath had been explained to him to justify its admission in evidence.

Specification number nine seems not to be argued.

Specification ten is that the court failed to direct an acquittal of its own motion. This hardly merits discussion.

Number eleven charges error in letting the jury take the case for some reasons already discussed, and because the "record" in the robbery case had not been produced. If by "record" is meant the strict record, this has already been discussed. If, however, counsel refer now to the stenographic transcript of his testimony in the robbery trial, there are two answers. The first is that it does not appear there was any stenographer present. The second is that, even if there was

a stenographer, the stenographic transcript is not primary evidence, nor, indeed, any evidence at all.

The twelfth point is that the judge failed to tell the jury that the alleged perjury must have been material to the issue tried. It does not appear that the judge was asked to do this, nor was the omission pointed out to him in any way. That it was material was discernable, even to the most ignorant and careless juryman.

Number twelve and one-half, that the court's suggestion to the jury that some of them may have taken an examination for driver's license, had the effect of letting them utilize their personal experience in that regard in aid of deciding whether the defendant was truthful in saying that he had another man help him answer the questionnaire required in such cases. The ground of attack upon this is that it was, in effect, instructing the jury that they were at liberty to base their determination as to the truth or falsity of the defendant's testimony upon their own personal experience or knowledge rather than the sworn testimony and evidence in the cause.

We are unable, however, to see that there was any harmful error committed by this comment of the trial judge. He left the matter fully and fairly to the jury to say whether they believed the defendant's statement that someone went with him to answer these questions. In fact, his allusion to members of the jury having taken the examination was a mere aside. The court, after reciting the substance of the defendant's testimony, said:

"Now, ladies and gentlemen, it is for you to say. Perhaps some of you have taken the examination before the motor vehicle department. It is for you to say whether or not you believe that statement. If you do believe that statement that someone prepared the answers to those questions, of course the testimony has no efficacy as tending to show that the defendant can read the English language."

As we have said, we fail to see that any harmful error was committed by this interjected suggestion.

The last. ground, number thirteen, is a mere general statement of error, and requires no. discussion.

We conclude .that the judgment should be affirmed.